IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Careem Vaughan, et al | : | CIVIL ACTION |
| v. | : | |
| Technogym USA Corp, et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (x)

| 1/17/19 | J.B. Dilsheimer | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-663-0400 | 215-663-9112 | JBDilsheimer@stamponelaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Careem Vaughan and Carla Vaughan
1309 S. Hicks Street Philadelphia PA 19146

**DEFENDANTS**
Technogym USA Corp
700 Route 46 East 2nd Fl Fairfield NJ 07004 et al

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Essex
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
J.B. Dilsheimer, Esquire
Stampone O'Brien Dilsheimer Law
500 Cottman Avenue Cheltenham, PA 19012 215-663-0400

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 340 Marine / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| | [ ] 345 Marine Product Liability | | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / **PERSONAL PROPERTY** / [ ] 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 485 Telephone Consumer Protection Act |
| [ ] 190 Other Contract | | [ ] 720 Labor/Management Relations | [ ] 862 Black Lung (923) | |
| [ ] 195 Contract Product Liability | [X] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | | [ ] 863 DIWC/DIWW (405(g)) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 740 Railway Labor Act | [ ] 864 SSID Title XVI | [ ] 850 Securities/Commodities/ Exchange |
| | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 865 RSI (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 446 Amer. w/Disabilities - Other / **Other:** / [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | [ ] 448 Education / [ ] 550 Civil Rights | | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Premises

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
- DEMAND $ 750,000.00
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE
DOCKET NUMBER

DATE: 1.17.20
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

**Address of Plaintiff:** 1309 S. Hicks Street Philadelphia, PA 19146

**Address of Defendant:** 700 Route 46 East 2nd Fl Fairfield, NJ 07004

**Place of Accident, Incident or Transaction:** _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1.17.20  _____ *Attorney-at-Law / Pro Se Plaintiff*  66614 (PA) *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. Indemnity Contract, Marine Contract, and All Other Contracts
2. FELA
3. Jones Act-Personal Injury
4. Antitrust
5. Patent
6. Labor-Management Relations
7. Civil Rights
8. Habeas Corpus
9. Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases *(Please specify):* _____

**B. Diversity Jurisdiction Cases:**
1. Insurance Contract and Other Contracts
2. Airplane Personal Injury
3. Assault, Defamation
4. Marine Personal Injury
5. Motor Vehicle Personal Injury
6. [X] Other Personal Injury *(Please specify):* Premises
7. Products Liability
8. Products Liability – Asbestos
9. All other Diversity Cases *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, J.B. Dilsheimer, counsel of record or pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: 1.18.20  _____ *Attorney-at-Law / Pro Se Plaintiff*  66614 (PA) *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAREEM VAUGHAN AND CARLA VAUGHAN h/w<br>1309 S. Hicks Street<br>Philadelphia, PA 19146<br><br>vs.<br><br>TECHNOGYM USA CORP.<br>700 Route 46 East<br>2nd Floor<br>Fairfield, NJ 07004<br><br>AND<br><br>MASS MOVEMENT, INC.<br>65 Green Street<br>Foxboro, MA 02035 | CIVIL ACTION NO.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

### JURISDICTION AND VENUE

1. This is an action arising out of a December 21, 2018 fall down caused by a negligently installed piece of gym equipment at the Merion Cricket Club in Havertown, Pennsylvania.

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332, wherein each party is the citizen of a different state and the amount in controversy exceeds $75,000.00.

3. Venue is proper in this court because the events which gave rise to this litigation occurred in the forum district.

1

## PARTIES

4. Plaintiffs, Careem Vaughan and Carla Vaughan, husband and wife, are adult residents and citizens of the Commonwealth of Pennsylvania, who reside at 1309 S. Hicks Street, Philadelphia, PA 19146.

5. At all times material hereto, Plaintiff, Careem Vaughan, was employed as a trainer at the Functional Training Center at Merion Cricket Club located at 325 Montgomery Avenue, Haverford, PA 19041 (hereinafter, "the Gym").

6. Defendant, Tehcnogym USA Corp., is a New Jersey Corporation with its principal place of business located at 700 Route 46 East, 2nd Floor, Fairfield, NJ 07003 (hereinafter, "Technogym").

7. At all times set forth herein, Defendant, Technogym, was regularly engaged as a seller and supplier of gym equipment and regularly engaged in performing these services including selling the incident Outrace gym equipment (hereinafter, "Outrace equipment") to Merion Cricket Club for use at the Gym.

8. Defendant, Technogym, regularly conducts business in the Commonwealth of Pennsylvania, and more specifically in the City and County of Philadelphia, Pennsylvania.

9. Defendant, Mass Movement, Inc., is a Massachusetts Corporation with its principal place of business located at 65 Green Street, Foxboro, MA 02035 (hereinafter, "Mass Movement").

10. At all times set forth herein, Defendant, Mass Movement, was regularly engaged as a deliverer and installer of Technogym exercise equipment and regularly engaged in performing delivery and installation services including the delivery and installation of the incident Outrace equipment which caused Plaintiff's injuries.

11. Defendant, Mass Movement, regularly conducts business in the Commonwealth of Pennsylvania, and more specifically in the City and County of Philadelphia, Pennsylvania.

12. At all times material hereto, Defendants acted or failed to act through their agents, ostensible agents, servants, borrowed servants, workmen and/or employees all in the course and scope of such relationship.

## FACTS

13. On December 21, 2018, Plaintiff, Careem Vaughan, was working as a trainer at the Gym demonstrating for a Gym client the proper movements using a TRX straps on the Outrace equipment when the end cap to the overhead mount suddenly and unexpectedly separated from the machine causing the TRX straps to come free and Plaintiff to fly backwards to the ground, landing on his buttocks and hands.


TRX Straps Secured With End Cap


Overhead Mount Missing End Cap

3



Improperly Installed End Cap to Overhead Mount

14. This accident resulted solely from the negligence and carelessness and/or breach of warranties of one or more of the aforementioned Defendants, their agents, ostensible agents servants, workmen, employees, and/or independent contractors acting jointly and/or severally in the course of their employment, and was due in no manner whatsoever to any act or failure to act on the part of the Plaintiffs.

15. As a result of the aforesaid accident, Plaintiff, Careem Vaughan, has suffered injuries which are serious, severe and permanent in nature, including but not limited to: right wrist scapholunate ligament tear, left thumb radial collateral ligament tear of the metacarpophalangeal joint, left shoulder rotator cuff tendinopathy, aggravation of an underlying degenerative condition in the lumbar spine, coccyx pain, post traumatic anxiety and depression and various other ills and injuries which the Plaintiff yet suffers and may continue to suffer for an indefinite time into the future.

16. As a further result of the aforesaid incident, Plaintiff, Careem Vaughan, has been obliged to receive and undergo medical attention and care, including rehabilitation, hospitalization, surgical procedures, and the Plaintiff will continue to incur various and diverse

4

medical expenses including future surgeries in an effort to treat and cure him of his injuries, all of which the Plaintiff will continue to expend and incur for an indefinite time into the future on a permanent basis.

17. As a direct and proximate result of the conduct of the Defendants, Plaintiff, Careem Vaughan, has in the past and may in the future continue to suffer embarrassment, disfigurement, agonizing aches, pains and mental anguish.

18. As a direct and proximate result of the conduct of the Defendants, Plaintiff, Careem Vaughan, has in the past and may in the future continue to be disabled from performing his usual duties, occupations and avocations, he has suffered and will continue to suffer loss of income, loss of earning capacity, and loss of life's pleasures, all to his great loss and detriment.

19. Plaintiff's injuries and damages were caused solely by the acts of Defendants jointly and/or severally and/or through their joint and individual agents, servants, workmen and/or employees in the course and scope of their employment as hereinbefore and hereinafter set forth.

20. Plaintiff's injuries and damages were not caused by any act or omission on the part of Plaintiff.

## COUNT I – NEGLIGENCE
## CAREEM VAUGHAN v. TECHNOGYM USA CORP.

21. Plaintiff incorporates by reference the preceding as if the same were set forth fully herein.

22. At all times relevant hereto, Defendant, Technogym, was the manufacturer, designer, assembler, fabricator, seller, distributor and/or otherwise placed into the stream of commerce the defective Outrace equipment utilized by Plaintiff.

23. The negligence and carelessness of the Defendant, Technogym, its agents, ostensible agents, servants, workmen, employees, contractors and/or independent contractors, consists of, but is not limited to, the following:

   a. failure to design, manufacture, fabricate, assemble, sell, distribute and install the appropriate overhead frame, end cap, and other component parts so the end cap would not pop off during expected and intended use;

   b. designing, manufacturing, fabricating, assembling, selling and distributing the Outrace equipment with an overhead frame, end cap, and other component parts which are inadequate and otherwise unusable to allow users to safely and foreseeably use TRX straps;

   c. failure to adequately weld or otherwise secure end caps to the overhead mount of the Outrace equipment to allow users to safely use TRX straps;

   d. failure to provide adequate instructions on the proper installation of Outrace end caps;

   e. allowing the Outrace equipment to be manufactured, fabricated, assembled, sold and distributed without the proper structure, support, reinforcement, and/or strength to avoid potential malfunction, breakage and/or collapse of the end caps of the product;

   f. failure to manufacture, fabricate, assemble, sell and distribute the Outrace equipment with appropriate safety technology to secure TRX straps to the overhead frame for safe use;

   g. failure to manufacture, fabricate, assemble, sell and distribute the Outrace equipment to allow expected and intended users to safely use TRX straps on the Outrace equipment;

   h. failure to manufacture, fabricate, assemble, sell and distribute the Outrace equipment with appropriate warnings and instructions regarding end cap attachment for intended users;

   i. failure to adequately warn of the inherent dangers and propensities of the Outrace end caps;

   j. failure to adequately provide for protective measures against failure of the Outrace end caps;

   k. failure to employ adequate measures in the manufacture, fabrication, assembly, installation, sale and/or distribution of the Outrace equipment to

6

prevent it's end caps from ceasing to function properly or in such a manner as to pose a serious risk of injury to a person lawfully using TRX straps on the product;

l. failure to supply appropriate operations/user manuals and other literature which would adequately instruct the intended users on the proper operations procedures for the Outrace equipment including how to safely install end caps and use the overhead frame for attaching and supporting TRX straps;

m. failure to supply appropriate operations/user manuals and other literature which would provide warnings of the dangers associated with the operation of the Outrace equipment including use of TRX straps;

n. failure to supply appropriate operations/user manuals and other literature which would instruct the intended user on how to safely use TRX straps on the Outrace equipment and risks associated with improperly installed end caps;

o. failure to supply and/or post adequate notices or warnings of the risks and dangers of the Outrace equipment in the materials and/or on the product itself which describe the operation and maintenance of the product including how to safely use the overhead frame end caps for securing, attaching, supporting, and using TRX straps;

p. failure to warn the Plaintiff and/or consumers and users of the risks of the Outrace equipment including detaching end caps;

q. failure to place or install warning notices in an obvious and/or conspicuous place on the Outrace equipment warning against improperly installed end caps and/or ensuring the proper installation of end caps before use;

r. permitting the Outrace equipment to be delivered to Plaintiff's employer prior to providing appropriate training and instruction in the use and operation of the product including properly attaching its end caps;

s. failure to perform and provide appropriate set up and instruction procedures and programs, including demonstration and verbal instructions to the installer and/or intended user regarding properly installed end caps;

t. failure to properly inspect the Outrace equipment prior to placing it in the stream of commerce to make sure end caps were or would be properly installed, attached, and secured;

u. failure to manufacture, fabricate, assemble, sell and distribute the Outrace equipment with adequate safety materials, manuals, instructions, markings, signs, warnings and safety devices regarding proper installation, attachment, and use of the end caps;

v. failure to assemble the Outrace equipment end caps so as to prevent an accident;

w. failure to inspect the Outrace equipment end caps prior to the sale or distribution of the product;

x. failure to properly train, control and supervise its employees in the manufacture, fabrication, assembly, installation, sale and/or distribution of the Outrace equipment end caps;

y. making false representations to the general public that the Outrace equipment was safe for use, when in fact the product was defective and in a dangerous condition;

z. utilizing defective and/or improper materials and component end cap parts in the design and manufacture of the Outrace equipment;

aa. failure to engage and conduct sufficient testing protocols in the manufacture, design, fabrication, assembly, sale and/or distribution of the Outrace equipment end caps; and

bb. failure to provide instructional manual to Outrace equipment operators, including the Plaintiff, Careem Vaughan, which should include inspection, application, recognition, and avoidance of hazards associated with the installation and attachment of the Outrace equipment end caps;

24. Prior to placing the Outrace equipment into the stream of commerce where it was likely, foreseeable, and intended to reach Plaintiff, Careem Vaughan, and/or persons similarly situated, Defendant, Technogym, knew or should have known that without adequate inspection, training, installation, attachment, and/or testing, the Outrace equipment end caps would be defective, dangerous, and could not be used safely for the purposes for which they were intended.

25. The negligence and carelessness of the Defendant, Technogym, their agents, ostensible agents, servants, workmen and/or employees, contractors and subcontractors, as set

forth herein was the proximate and/or sole cause of and substantially increased the risk of harm, injuries, and damages to the Plaintiff as set forth above.

WHEREFORE, Plaintiff, Careem Vaughan, demands judgment against Defendant, Technogym, its agents, ostensible agents, servants, workmen, employees, contractors and/or subcontractors, jointly and/or severally, in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus incident costs and other such relief as the Court deems appropriate.

## COUNT II – STRICT LIABILITY
### CAREEM VAUGHAN v. TECHNOGYM USA CORP.

26. Plaintiffs incorporate by reference each of the preceding paragraphs as if the same were set forth herein at length.

27. At all times relevant hereto the Outrace equipment was fabricated, assembled, supplied, sold and/or distributed by Defendant, Technogym, during and in the ordinary course of business.

28. The Outrace equipment did reach the Plaintiff, Careem Vaughan, an intended foreseeable user, in a condition substantially unchanged from that in which it was manufactured, designed, fabricated, assembled, sold and/or distributed.

29. The injuries and damages sustained by the Plaintiff as set forth above, were the direct result of the defective and dangerous conditions existing at the time of the design, manufacture, fabrication, assembly, sale and/or distribution by Defendant, Technogym, acting as aforesaid, which conditions and/or defects are incorporated herein as aforesaid.

30. Defendant, Technogym, is strictly liable pursuant to Section 402(a) of the Restatement of Torts, Second as the Outrace equipment was defective and unreasonably

dangerous at the time it was distributed and Defendant, Technogym, failed to warn Plaintiff and other perspective users of the aforementioned defects and dangers.

31. Prior to placing the Outrace equipment into the stream of commerce where it was likely, foreseeable, and intended to reach Plaintiff, Careem Vaughan, and/or persons similarly situated, Defendant, Technogym, knew or should have known that without adequate inspection, training, installation, attachment, and/or testing, the Outrace equipment end caps would be defective, dangerous, and could not be used safely for the purposes for which they were intended.

32. The Outrace equipment manufactured, designed, fabricated, assembled, distributed, marketed, promoted, advertised, sold and/or inspected by Defendant, Technogym, failed to contain proper warnings and instructions regarding the use of and all dangers associated with the improper installation of the end caps of the product.

33. The Outrace equipment was also defective due to inadequate post-marketing warning or instruction because after the manufacturer knew or should have known of the risk of injury to users of the Outrace equipment end caps when improperly installed and attached, Defendant, Technogym, failed to provide adequate warnings to users and persons subjected to the product and continued to manufacture, design, fabricate, assemble, distribute, promote and/or sell the product.

34. The dangers of the Outrace equipment were unknowable and unacceptable to the average or ordinary consumer, and therefore Defendant, Technogym, failed to satisfy the Consumer Expectation Test.

35. A reasonable person would conclude the probability and seriousness of the harms caused by the Outrace equipment end caps outweighed the burden or costs of taking precautions

and ensuring proper installation and attachment of the end caps and therefore Defendant, Technogym, failed to satisfy the Risk-Utility Test.

36. As a result of the aforementioned defects and/or other unreasonably dangerous propensities of the Outrace equipment, including improper warnings and instructions on the product and in the operations/use manuals, Plaintiff was caused to sustain severe, serious and permanent injuries and damages as set forth above.

WHEREFORE, Plaintiff, Careem Vaughan, demands judgment against Defendant, Technogym, their agents, ostensible agents, servants, workmen, employees, contractors and/or subcontractors, jointly and/or severally, in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus incident costs and other such relief as the Court deems appropriate.

### COUNT III – BREACH OF WARRANTY
### CAREEM VAUGHAN VS. TECHNOGYM USA CORP.

37. Plaintiff incorporates by reference the preceding as if the same were set forth fully herein.

38. Defendant, Technogym, expressly and impliedly warranted the Outrace equipment installation and attachment was safe and fit for the particular purpose for which it was made.

39. Defendant, Technogym's breach of contract/warranty consisted, *inter alia*, of selling a defective and dangerous product with unreasonably dangerous end caps.

40. Said warranties and representations were false in that the Outrace equipment end cap attachment was not safe, was un-merchantable, and, was unfit for the ordinary purpose and uses for which it was intended.

41. Prior to the time the Outrace equipment was used by Plaintiff, the Defendant, Technogym, had implied warranties to Plaintiff's employer, Plaintiff, and the general public that the product was of merchantable quality and safe and fit for the use for which it was intended.

42. The general public is unskilled in the research, manufacture, design fabrication, assembly, sale and/or distribution of gym equipment including the Outrace equipment and reasonably relied on the skill, judgment and implied warranties of the Defendant, Technogym, in using the product including with TRX straps for which it was intended and designed.

43. The Outrace equipment was neither safe for its intended use nor of merchantable quality, as warranted by Defendant, Technogym, in that it had dangerous propensities when put to its intended use and would cause severe injuries to the user and/or persons in close proximity because its end caps would, could, and did detach without proper installation.

44. The aforementioned breach of warranty was the proximate cause of the injuries and damages sustained by the Plaintiff as set forth above.

WHEREFORE, Plaintiff, Careem Vaughan, demands judgment against Defendant, Technogym, their agents, ostensible agents, servants, workmen, employees, contractors and/or subcontractors, jointly and/or severally, in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus incident costs and other such relief as the Court deems appropriate.

## COUNT IV – NEGLIGENCE
### CAREEM VAUGHAN v. MASS MOVEMENT

45. Plaintiff incorporates by reference the preceding as if the same were set forth fully herein.

46. At all times relevant hereto, Defendant, Mass Movement, was the assembler, installer, fabricator, and/or otherwise was responsible for erecting the Outrace equipment utilized by Plaintiff at the Gym including securing, installing, and attaching the end caps.

47. At all times material hereto, Defendant, Mass Movement, had a duty that it breached to provide a safe, properly functioning, non-defective product in good working order with safely, securely, and properly attached end caps.

48. The negligence and carelessness of the Defendant, Mass Movement, its agents, ostensible agents, servants, workmen, employees, contractors and/or independent contractors, consists of, but is not limited to, the following:

   a. failure to design, manufacture, fabricate, assemble, sell, distribute and install the appropriate overhead frame, end cap, and other component parts so the end cap would not pop off during expected and intended use;

   b. delivering, assembling, installing, fabricating and erecting the Outrace equipment with an overhead frame, end cap and other component parts which are inadequate and otherwise unusable to allow users to safely and foreseeably use TRX straps;

   c. failure to adequately weld or otherwise secure end caps to the overhead mount of the Outrace equipment to allow users to safely use TRX straps;

   d. failure to provide adequate instructions on the proper installation of Outrace end caps;

   e. allowing the Outrace equipment to be delivered, assembled, installed, fabricated, and erected without the proper structure, support, reinforcement, and/or strength to avoid potential malfunction, breakage and/or collapse of the end caps of the product;

   f. failure to deliver, assemble, install, fabricate, and erect the Outrace equipment with appropriate safety technology to secure TRX straps to the overhead frame for safe use;

   g. failure to deliver, assemble, install, fabricate, and erect the Outrace equipment to allow expected and intended users to safely use TRX straps on the Outrace equipment;

13

h. failure to deliver, assemble, install, fabricate, and erect the Outrace equipment with appropriate warnings and instructions regarding end cap attachment for intended users;

i. failure to adequately warn of the inherent dangers and propensities of the Outrace equipment end caps;

j. failure to adequately provide for protective measures against failure of the Outrace equipment end caps;

k. failure to employ adequate measures in the delivery, assembly, installation, fabrication, and erection of the Outrace equipment to prevent its end caps from ceasing to function properly or in such a manner as to pose a serious risk of injury to a person lawfully using the product;

l. failure to supply appropriate operations/user manuals and other literature which would adequately instruct the intended user on the proper operations procedures for the Outrace equipment including how to safely install end caps and use the overhead frame for attaching and supporting TRX straps;

m. failure to supply appropriate operations/user manuals and other literature which would provide warnings of the dangers associated with the operation of the Outrace equipment, including installation of end caps and use of TRX straps;

n. failure to supply appropriate operations/user manuals and other literature which would instruct the intended user on how to safely use TRX straps on the Outrace equipment and risks associated with improperly installed end caps;

o. failure to supply and/or post adequate notices or warnings of the risks and dangers of the Outrace equipment in the materials and/or on the product equipment itself which describe the operation and maintenance of the product including how to safely use the overhead frame end caps for securing, attaching, supporting, and using TRX straps;

p. failure to warn the Plaintiff and/or consumers and users of the risks of the Outrace equipment including detaching end caps;

q. failure to place or install warning notices in an obvious and/or conspicuous place on the Outrace equipment warning against improperly installed end caps and/or ensuring the proper installation of end caps before use;

r. permitting the Outrace equipment to be delivered to Plaintiff's employer and assembled, installed, fabricated, and erected prior to providing appropriate training and instruction in the use and operation of the product including properly attaching its end caps;

s. failure to perform and provide appropriate set up and instruction procedures and programs, including demonstration and verbal instructions to the installer and/or intended user including properly installed end caps;

t. failure to properly inspect the Outrace equipment prior to placing it in the stream of commerce to make sure end caps were or would be properly installed, attached, and secured;

u. failure to deliver, assemble, install, fabricate, and erect the Outrace equipment with adequate safety materials, manuals, instructions, markings, signs, warnings and safety devices regarding proper installation, attachment, and use of the end caps;

v. failure to properly inspect the Outrace equipment end caps prior to the delivery, assembly, installation, fabrication, and erection of said product;

w. failure to properly inspect the Outrace equipment end caps after delivery, assembly, installation, fabrication, and erection of said product;

x. failure to properly train, control and supervise its employees in the delivery, assembly, installation, fabrication, and erection of the Outrace equipment end caps;

y. utilizing defective and/or improper materials and component end caps parts in the delivery, assembly, installation, fabrication, and erection of the Outrace equipment;

z. failure to engage and conduct sufficient testing protocols in the delivery, assembly, installation, fabrication, and erection of the Outrace equipment end caps; and

aa. failure to provide instructions to Outrace equipment operators, including the Plaintiff, Careem Vaughan, which should include inspection, application, recognition, and avoidance of hazards associated with the product;

49. Prior to placing the Outrace equipment into the stream of commerce where it was likely, foreseeable, and intended to reach Plaintiff, Careem Vaughan, and/or persons similarly situated, Defendant, Mass Movement, knew or should have known that without adequate

inspection, training, installation, attachment, and/or testing, the Outrace equipment end caps would be defective, dangerous, and could not be used safely for the purposes for which they were intended.

50. The negligence and carelessness of the Defendant, Mass Movement, its agents, servants, workmen and/or employees, as set forth herein was the proximate and/or sole cause of and substantially contributed to and/or increased the risk of the injuries and damages to the Plaintiff and expenses incurred as set forth above.

WHEREFORE, Plaintiff, Careem Vaughan, demands judgment against Defendant, Mass Movement, its agents, ostensible agents, servants, workmen, employees, contractors and/or subcontractors, jointly and/or severally, in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars, plus incident costs and other such relief as the Court deems appropriate.

### COUNT V - LOSS OF CONSORTIUM
### CARLA VAUGHAN, INDIVIDUALLY AND IN HER OWN RIGHT VS. ALL DEFENDANTS

51. Plaintiffs incorporate by reference each of the preceding paragraphs as if the same were set forth herein at length.

52. Plaintiff, Carla Vaughan, is the husband of Plaintiff, Careem Vaughan.

53. As a result of the injuries suffered by her husband, Plaintiff, Carla Vaughan, has and will in the future suffer the loss and deprivations of the usual services, society and consortium of her husband and has been required to provide special services and care to him.

WHEREFORE, Plaintiff, Carla Vaughan, demands judgment against the Defendants, Technogym and Mass Movement, their agents, servants, workmen and/or

employees, jointly and/or severally, in an amount in excess of One Hundred Fifty Thousand ($150,000.00) Dollars.

Respectfully submitted,

**STAMPONE O'BRIEN DILSHEIMER LAW**

By: _____
J.B. DILSHEIMER, ESQUIRE
DANIEL N. STAMPONE, ESQUIRE
Attorney for Plaintiff